650 So.2d 821 (1995)
Kathlyn C. REICHERT
v.
Dr. Emile A. BERTUCCI, Jr., et al.
No. 94-CA-1445.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1995.
Margaret Bradley, Law Offices of Robert E. Birtel, Metairie, for defendant/appellee.
Donna S. Cummings, Cummings, Cummings & Dudenhefer, New Orleans, for plaintiff/appellant.
Before LOBRANO, JONES and LANDRIEU, JJ.
LOBRANO, Judge.
Plaintiff, Kathlyn Reichert, appeals the granting of summary judgment in favor of defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"). We affirm.
On March 12, 1986, plaintiff sought medical treatment at DeLaRonde Medical Center in Chalmette, Louisiana and received an injection which allegedly damaged her sciatic nerve. Plaintiff filed a complaint with the Commissioner of Insurance which was received *822 on March 4, 1987.[1] In that complaint, plaintiff named as defendants, DeLaRonde Medical Center, Dr. Brian Bertucci and Jane Doe. Plaintiff alleged that Dr. Bertucci prescribed the subject injection and that Jane Doe, an unknown employee of DeLaRonde, administered the injection, all of which constituted negligence which caused plaintiff's injuries. In March of 1988, plaintiff filed an amended complaint with the Commissioner of Insurance adding Dr. Emile Bertucci, Jr. as a defendant.[2] Plaintiff alleged that Dr. Emile Bertucci was the owner of DeLaRonde Medical Center and was vicariously liable for the negligent acts of its employees.
Defendant, St. Paul, issued professional liability insurance policies covering Dr. Emile Bertucci, Jr. and an organization called "DeLaRonde Family Practice" for the policy periods of December 9, 1985 to December 9, 1986, and December 9, 1986, to December 9, 1987. The policy at issue in this case is the latter one.
Dr. Emile Bertucci did not renew the St. Paul policy when it expired in December 1987. Instead, Physicians National Risk Retention Group issued a policy of professional liability coverage for the period of December 9, 1987, to December 9, 1988, with a retroactive date of December 9, 1984. Physicians National assumed the defense of Dr. Emile Bertucci and DeLaRonde Medical Center until Physicians National was placed in liquidation proceedings in November, 1991. The liquidator then retained counsel to defend Dr. Bertucci and DeLaRonde until the liquidator's authority expired pursuant to an order issued in the liquidation proceedings. Notice of this order was filed in the St. Bernard Parish District Court in October 1993 at which time counsel retained by the liquidator withdrew as counsel of record in the instant lawsuit.
The facts are undisputed that Dr. Emile Bertucci first notified St. Paul of plaintiff's claim in May, 1988, shortly after he was served with plaintiff's petition. It is also undisputed that Dr. Emile Bertucci was never notified by the Commissioner of Insurance of plaintiff's amended complaint filed against him. On August 23, 1993, plaintiff filed a second amended petition adding St. Paul as a defendant. She asserts that she only became aware within the thirty days prior to that date that St. Paul had a professional liability policy which allegedly covered Dr. Emile Bertucci and DeLaRonde.
St. Paul filed a motion for summary judgment alleging that its policy covering Dr. Emile Bertucci, Jr. (hereinafter Dr. Bertucci; Dr. Brian Bertucci was dismissed from the case) and DeLaRonde, had expired on December 9, 1987 without being renewed and did not afford coverage. St. Paul successfully argued to the trial court that its policy was a "claims made" policy and that the notice given by its insured in May of 1988 was untimely.[3] The trial court granted St. Paul's motion and plaintiff perfects this appeal.
Plaintiff argues that when she filed her complaint with the Commissioner of Insurance, it constituted the "making of a claim" fulfilling the prerequisite for coverage under St. Paul's policy. In support of her argument plaintiff relies on MGIC Indemnity Corp. v. Central Bank of Monroe, La., 838 F.2d 1382 (5th Cir.1988).
The issue for our determination is legal and requires an interpretation of St. Paul's policy. The pertinent provisions are as follows:
"When you're covered?
To be covered the professional service must have been performed (or should have been performed) after your retroactive *823 date that applies. The claim must also first be made while this agreement is in effect."
"When is a claim made?
A claim is made on the date you first report an incident or injury to us or our agent. You must include the following information:
Date, time and place of incident.
What happened and what professional service you performed.
Type of claim you anticipate.
Name and address of the injured party.
Name and address of any witness."
It is well settled that "in the absence of the conflict with [a] statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract." Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973) Id. at p. 481. In Case v. Louisiana Medical Mut. Ins. Co., 624 So.2d 1285 (La.App. 3rd Cir.1993) the court distinguished the "claims made" insurance policy from an "occurrence" policy by noting that coverage under the former attaches if the "negligent harm is discovered and reported within the policy period," whereas under the latter only the commission of the negligent act during the policy period is required for coverage. Id. at 1289. The Case court upheld a summary judgment in favor of the insurer, concluding that the conditions of the policy required notice of a claim during its term. Failure to fulfill that condition by the insured precluded coverage.
Plaintiff in the instant case essentially asserts that the provisions at issue are ambiguous and unclear. She urges that the initial complaint filed with the Commissioner of Insurance should suffice under the notice provision of St. Paul's policy and that the "claim was made" timely. We disagree.
The policy language is clear. The insured is covered if the professional service (or lack of it) occurs during the policy period and the claim is made during that period. By policy definition, a "claim is made" when the insurer or its agent is notified. We find no ambiguity. The language is straightforward and cannot reasonably be subject to multiple interpretations.
Furthermore, the language is not, per se, against public policy, nor do we find any public policy violation in our interpretation of that language. In addition, we know of no statute, nor have we been cited any, which is violated by the provisions in St. Paul's policy.
Plaintiff's initial claim with the Commissioner of Insurance was filed March 2, 1987. It named Dr. Brian Bertucci and DeLaRonde Medical Center as defendants. She amended the complaint in March of 1988 to add Dr. Emile Bertucci as the owner of DeLaRonde Medical Center asserting his vicarious liability. St. Paul's agent was not notified until May 16, 1988, well after the policy expired. The conclusion is inescapable. The policy's notification requirements were not met, and thus there can be no coverage.
Plaintiff's reliance on MGIC Indemnity Corp. v. Central Bank of Monroe, La., supra, is misplaced. Although that case involved a "claims made" policy, it is factually distinguishable from the instant case. MGIC dealt with a directors and officers liability policy (D & O) which contained totally different provisions. The court's statement, relied on by plaintiff, that "a claim is indisputably made by an outside party filing suit on a demand" was made in the context of when a claim is generally made for purposes of notifying the insurer under the D & O policy. The issue in MGIC was whether the insured (the bank) notified its insurer timely to allow the insured to participate in the defense of the claim, not for purposes of triggering coverage. Failure of the bank to do so resulted in a violation of a condition precedent, thus allowing the insurer to escape coverage. MGIC simply is not applicable to the instant case.
We hold that St. Paul's policy provisions at issue in this case are clear and unambiguous. Failure to notify St. Paul of plaintiff's claim during the policy period precludes coverage. *824 The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The Louisiana Medical Malpractice Act requires that a complaint be presented to a medical review panel before suit can be filed in court against a health care provider or his insurer. LSA-R.S. 40:1299.47B(1)(a)(i).
[2] This amended complaint is not contained in the appeal record. However, the pleadings and briefs filed by both plaintiff and St. Paul Insurance indicate that this amended complaint was filed as stated.
[3] In its first attempt, on February 11, 1994, St. Paul's motion was denied. However, a second motion was filed on April 6, 1994. That motion included affidavits which established the date St. Paul's agent was first notified of the claim, May 16, 1988. That motion was granted May 26, 1994 and is the subject of this appeal.